## SEIDMAN & PINCUS, LLC
ATTORNEYS AT LAW
777 TERRACE AVENUE, SUITE 508
HASBROUCK HEIGHTS, NEW JERSEY 07604
Telephone: (201) 473-0047
Facsimile: (201) 288-7009

MEMBERS:

MITCHELL B. SEIDMAN*
EMAIL: ms@seidmanllc.com

ANDREW PINCUS*
EMAIL: ap@seidmanllc.com

ADMISSION:
* MEMBER OF NJ & NY BAR
* MEMBER OF NJ, NY AND DC BAR
~ MEMBER OF NJ BAR

OF COUNSEL:

LANI D'AGOSTINO~
EMAIL: ld@seidmanllc.com

JENNIFER MANHEIM*
EMAIL: jm@seidmanllc.com

MARIA ARNOTT*
EMAIL: ma@seidmanllc.com

REENA FORST*
EMAIL: rforst@rflawfirm.com

MINDY ZLOTOGURA*
E-MAIL: mz@seidmanllc.com

October 25, 2021

**VIA ECF**

Honorable Judith C. McCarthy
United States District Court
300 Quarropas Street
White Plains, New York 10601

> **SO ORDERED:**
> Pursuant to the Court's discovery order, (Docket No. 24), Defendant's response to this letter was due October 28, 2021. To date, no response has been filed. Therefore, Defendant must file a response by November 3, 2021 or the Court will deem this issue unopposed.
>
> _Judith C. McCarthy_  11-1-21
> JUDITH C. McCARTHY
> United States Magistrate Judge

Re: **Ekstein *et al.* v. Polito Associates LLC
Case No. 20 Civ. 01878 (JCM)**

Dear Magistrate Judge McCarthy:

This office represents plaintiffs/counterclaim-defendants David Ekstein, Sara Ekstein, and Gavriel Alexander (the "Guarantors"), and counterclaim-defendant 9 Polito LLC (the "Borrower").[1] We write pursuant to Local Rule 37.2 to requested an informal pre-motion conference with the Court to address a discovery dispute between the parties.

On or about June 30, 2021, the Borrower and Guarantors propounded upon Polito

---

[1] This action derives from a $42,650,000 loan extended by Customers Bank (the predecessor-in interest to defendant Polito Associates LLC) to the Borrower, secured by a first priority mortgage on the Borrower's real property, a 10-story, 271,377 square foot building located at 9 Polito Avenue, Lyndhurst, New Jersey, which is zoned for and presently used as commercial offices and a parking garage (the "Property"). The Borrower defaulted upon maturity. On February 7, 2020, the Guarantors commenced this action by filing a complaint against Customers Bank in the Supreme Court of the State of New York, County of Rockland, for declaratory relief relating to the guaranties, specifically for a declaratory judgment that they had each been fully discharged and that the Guarantors have no present liability thereunder. In March 2020, Customers Bank removed the action to this Court, and filed an answer with counterclaims for breach of the note and guaranties. Thereafter, Customers Bank sold its note, mortgage, and related loan documents to Polito Associates LLC, which was subsequently substituted in as defendant herein.

Associates LLC ("Polito Associates") their Third Request for the Production of Documents (the "Document Request"), which requested the production of ten (10) categories of documents relating specifically to the valuation of the Property under its present form and usage or as converted to residential use and/or mixed commercial, retail and/or residential use. On or about October 13, 2021, Polito Associates provided its written responses to the Document Request. In response to the requests for documents concerning the valuation of the Property as converted to residential use and/or mixed commercial, retail and/or residential use, Polito Associates interposed an objection grounded in relevancy. It argued, specifically, that because the "Property has not been converted, the Request necessarily seeks documents relating to a prospective value of the Property, not the value of the Property as of the date of the Sheriff's Sale. The value of the Property as of the date of the Sheriff's Sale is the only relevant date for the purposes of the Property's valuation in connection with this lawsuit." On October 18, 2021, our office contacted counsel to Polito Associates LLC to engage in a good faith effort to resolve the objection, but we were unable to reach a resolution.

    The Borrower and Guarantors submit that the Document Request is appropriate, and that production of responsive documents should accordingly be compelled. One of the principal affirmative defenses asserted by the Borrower and Guarantors to Polito Associates' counterclaims is founded upon a fair market valuation of the Property.[2] As a matter of New Jersey law[3], the fair market value of property subject to a foreclosure action is an appropriate credit against a mortgage debt. See Fed. Title & Mortgage Guar. Co. v. Lowenstein, 113 N.J. Eq. 200, 209 (Ch. 1933); Carteret Savings & Loan Ass'n. v. Davis, 105 N.J. 344, 351-52 (1987). The right derives from

---

[2] Indeed, the valuation of the Property is perhaps *the* principal defense of the Borrower and Guarantors because, to the extent that the valuation exceeds the mortgage debt, all other claims and counterclaims asserted in this action will be rendered moot.

[3] New Jersey law controlling of the issue inasmuch as the Property is located in the State of New Jersey and the underlying loan documents contain a New Jersey choice of law provision.

equitable notions which preclude a foreclosing creditor from recovering more than the amount of its judgment by credit-bidding at the foreclosure sale and obtaining the subject property for far less than its actual value, and then seeking a thereby artificially-inflated "deficiency" from the mortgagor – essentially a "double recovery". Id., at 208; see also, W. Pleasant-CPGT, Inc. v. U.S. Home Corp., 243 N.J. 92, 95 (2020).

"Fair market value" has been defined as "'the price which ... could be obtained for the property, in money, at a fair sale, ... between a willing seller and a willing buyer; that is, one not obliged to sell dealing with one not obliged to buy.'" Sorokach v. Trusewich, 35 N.J. Super. 86, 89 (App. Div. 1955) (quoting New Jersey Bell Telephone Co. v. City of Newark, 118 N.J.L. 490, 494, 193 A. 844, 847 (Sup.Ct. 1937), aff'd, 124 N.J.L. 451, 12 A.2d 675 (Err. & App.1940)); see also, Brunswick Bank & Tr. v. Heln Mgmt. LLC, 453 N.J. Super. 324, 337 (App. Div. 2018). However, a determination of fair market value **also requires the antecedent finding as to highest and best use of the property.** See *e.g.*, Ford Motor Co. v. Township of Edison, 127 N.J. 290, 301 (1992); State by Com'r of Transp. v. Hope Road Associates, 266 N.J.Super. 633, 641 (App.Div.1993), certif. granted, modified by 136 N.J. 27 (1994).[4] "Highest and best use" in turn is broadly defined as "'the use that at the time of the appraisal is the most profitable, likely use'" or alternatively, "'the available use and program of future utilization that produces the highest present land value'" provided that "use has as a prerequisite a probability of achievement." Ford Motor Co. v. Township of Edison, *supra*, 127 N.J. at 300–01 (quoting Inmar Associates, Inc. v. Township of Edison, 2 N.J.Tax 59, 64–65 (Tax 1980)).

Requests for documents related to the value of the Property as converted to residential use were ~~not borne of thin air.~~ The managing member of Polito Associates, Jack Morris, expressly

---

[4] Lest there be any doubt, consideration of the "highest and best use" of the property is also relevant to a valuation of property for a fair market value credit under the law of New York as well. See *e.g.*, BTC Mortg. Inv'rs Tr. 1997-SI v. Altamont Farms Inc., 284 A.D.2d 849, 850 (3d Dept. 2001).

Honorable Judith C. McCarthy
October 25, 2021
Page 4

advised plaintiff Gavriel Alexander that he intended to cause Polito Associates to convert the Property from commercial use, as it presently exists, to residential use and/or mixed commercial, retail, and/or residential use. Under the law of New Jersey cited above, a valuation of the Property under its "highest and best use" is properly considered in the context of a fair market value determination, and thus alternate uses of the Property which may qualify as a highest and best use – particularly those *actually contemplated* by Polito Associates -- are also highly relevant and indeed, critical to the determination.

Based on the foregoing, this Court should overrule the objection interposed by Polito Associates to the Document Request based on relevancy and compel responses to thereto. The Borrower and Guarantors request a conference with the Court to address the discovery dispute between the parties and/or to authorize the Borrower and Guarantors to file a motion to compel based on the straight-forward authority cited above.

Respectfully submitted,

SEIDMAN & PINCUS LLC

/s/ *Andrew Pincus*

Andrew Pincus

cc. Bonnie Golub, Esq